NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| D.S. and S.S., on behalf of Z.S., | : | |
| | : | Civ. No. 05-5652 (AET) |
| Plaintiffs, | : | |
| | : | **MEMORANDUM & ORDER** |
| v. | : | |
| | : | |
| NEPTUNE TOWNSHIP BOARD OF EDUCATION, | : | |
| | : | |
| Defendant. | : | |

THOMPSON, U.S.D.J

I.   Introduction

This matter is before the Court on Plaintiffs' Motion for Attorneys' Fees pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B).  The Court has jurisdiction over this matter under 20 U.S.C. § 1415(i)(3)(A).  The Court has made its determination after considering the written submissions of the parties, and without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons set forth below, the Court will deny Plaintiffs' motion.

II.   Background

Z.S. is the seventeen-year old son of Plaintiffs D.S. and S.S.  In July 2003, the New Jersey Department of Human Services, Division of Youth and Family Services ("DYFS") removed Z.S. from his home and placed him with his aunt and uncle after it was discovered that Z.S. had sexually molested two younger siblings.  Z.S. was charged as a juvenile delinquent and

sentenced to three years of probation. As a condition of his probation, Z.S. was required to complete a sex offender residential program. (Certification of David R. Giles in Support of Motion [hereinafter "Giles Cert."], Ex. D.)

In September 2003, Z.S. began attending Neptune High School, which is operated by Defendant Neptune Township Board of Education ("Neptune"). On or about May 7, 2004, Plaintiff S.S., Z.S.'s mother, requested that Defendant Neptune conduct a Child Study Team ("CST") evaluation to determine whether Z.S. was eligible for special education and related services under the IDEA. The CST convened on May 26, 2004 and August 5, 2004 to discuss Plaintiff S.S.'s request. At one of those meetings, Plaintiff S.S. provided the CST with reports by independent evaluators that recommended that Z.S. be given psychotherapy, special education and placement in a residential treatment program. Following these meetings, the CST denied Plaintiff S.S.'s request. In response to Plaintiff S.S.'s continued communications with school officials, Defendant Neptune convened the CST for an Eligibility Meeting on November 22, 2004 based on Plaintiff S.S.'s provision of additional evaluations conducted on Z.S. The CST, however, concluded that Z.S. was not eligible for special education and related services.

In early December 2004, Plaintiffs filed a due process petition against Defendant Neptune and requested a hearing. Plaintiffs sought emergency relief in the form of placement of Z.S. in an out-of-district residential treatment program, payment from Defendant for the educational component of such a program, and an evaluation of Z.S. by the CST to determine his eligibility for special education and related services. The matter was transmitted by the New Jersey Department of Education ("DOE") to the Office of Administrative Law for a hearing before an Administrative Law Judge ("ALJ"). On December 22, 2004, the ALJ issued a decision denying

Plaintiffs' request for emergency relief, and ordering Defendant Neptune's CST to conduct assessments on Z.S. to determine his eligibility for special education and related services. (Giles Cert., Ex. D.)

In the meantime, a hearing was conducted in New Jersey Superior Court, Family Part on December 3, 2004 to consider Z.S.'s placement in a residential program. The attendees of that hearing agreed that Z.S. should be placed at KidsPeace in Orefield, Pennsylvania. The costs of the treatment component of the program as well as residential expenses were to be covered by state agencies. (Giles Cert., Ex. D.) On January 7, 2005, the Superior Court Judge ordered Z.S. into the care, custody, and supervision of DYFS for placement in KidsPeace. On January 26, 2005, the DOE determined that Defendant Neptune was the school district responsible for the educational costs of Z.S.'s placement at KidsPeace. (Giles Cert., Ex. I.)

As a result of Z.S.'s placement in KidsPeace, Defendant Neptune was not able to complete its eligibility assessments on Z.S. pursuant to the ALJ's Order. On February 4, 2005, the ALJ issued an amendment to its December 22, 2004 Order for Defendant Neptune to continue its assessments of Z.S., and to stay the issue of whether Defendant Neptune should be required to pay for the educational component of Z.S.'s residential program until Defendant Neptune's appeal of the DOE's decision was resolved. (Giles Cert., Ex. F.) On March 15, 2005, the DOE upheld its original decision that Defendant Neptune was responsible for Z.S.'s educational costs at KidsPeace. (Giles Cert., Ex. H.)

Defendant Neptune's CST completed its assessments of Z.S. and concluded that Z.S. should not be classified as eligible for special education and related services. Plaintiffs subsequently requested an independent educational evaluation of Z.S. On April 22, 2005, the

ALJ issued an Order designating Dr. Joseph Conroy to independently evaluate Z.S. at the expense of Defendant Neptune, and also determining that Defendant Neptune was responsible for the educational costs of Z.S. in accordance with the DOE's determination.

The ALJ also allowed Plaintiffs to amend their petition to appeal Defendant Neptune's determination regarding Z.S.'s eligibility for special education and related services. Plaintiffs did so on or about May 27, 2005. However, Plaintiffs later withdrew this claim on or about September 7, 2005.

During this time, Defendant Neptune filed a petition to appeal the DOE's determination that it was responsible for Z.S.'s educational costs. The matter was heard before an ALJ, who granted summary judgment to the DOE in a February 8, 2006 Order that upheld the DOE's determination. Thereafter, Plaintiffs filed the present action for an award of attorneys' fees under the IDEA with this Court.

III.   Discussion

Plaintiffs seek an award of attorneys' fees in the amount of $35,492.50 for legal services provided in relation to the IDEA due process hearing and the present action for attorneys' fees. Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). The IDEA defines the term "child with a disability" to mean a child

> (i) with mental retardation, hearing impairments (including deafness), speech or language impairments, visual impairments (including blindness), serious emotional disturbance (referred to in this chapter as "emotional disturbance"), orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities; and
> (ii) who, by reason thereof, needs special education and related

services.

20 U.S.C. § 1401(3)(A).  Under the test to determine if a party is a "prevailing party," a court must find that: (1) the party obtained relief on a significant claim in the litigation; and (2) there was a causal connection between the relief obtained and the litigation.  See J.O. ex. rel. C.O v. Orange Twp. Bd. of Educ., 287 F.3d 267, 271 (3d Cir. 2002) (citing Wheeler v. Towanda Area Sch. Dist., 950 F.2d 128, 131 (3d Cir. 1991)).  If the Court finds that Plaintiffs are prevailing parties, then the Court calculates a reasonable attorneys' fee award.  Farrar v. Hobby, 506 U.S. 103, 114-15 (1992); PIRG of N.J., Inc. v. Windall, 51 F.3d 1179, 1185 (3d Cir. 1995).

      Plaintiffs argue that they are prevailing parties because they were granted the relief they requested in the three Orders issued by the ALJ on December 22, 2004, February 4, 2005 and April 22, 2005, in connection with the due process hearing.  Defendant Neptune argues that Plaintiffs cannot be awarded attorneys' fees because Z.S. has not been classified as a "child with a disability" under the IDEA.  In addition, Defendant Neptune contends that Plaintiffs are not prevailing parties because none of the ALJ's Orders materially altered the legal relationship between the parties by modifying Defendant Neptune's behavior in a way that directly benefitted Plaintiffs.

      Before the Court can consider whether Plaintiffs are prevailing parties, it must first consider whether the parents of a child who has not been classified as disabled can make a claim for attorneys' fees under the IDEA.  Where the meaning of a statute is plain, a court will make no further inquiry unless the literal application of the statute will end in a result that conflicts with Congress's intentions.  United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241-42 (1989).  In such a case, the intentions of Congress will control.  Id.

      The definition of a "child with a disability" does not explicitly require a determination by the CST as to the child's disability and eligibility for special education and related services. However, it does imply the need for such a determination.  See 20 U.S.C. § 1401(3)(A); N.J. Admin. Code § 6A:14-3.5 (requiring that before a child can be found eligible for special education and related services, he or she must (1) be classified as having a disability, (2) have a disability that affects his or her educational performance, and (3) have a need for special education and related services).  Because the purpose of the IDEA is to provide a "free appropriate public education" to disabled children, 20 U.S.C. § 1400(d)(1)(A), and the plain language of the statute explicitly reserves rights under the IDEA to children with disabilities and their parents, this Court concludes that Plaintiffs cannot seek attorneys' fees under § 1415(i)(3)(B) unless they can first establish that Z.S. has a disability .  See Collingsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 236 (3d Cir. 1998) ("[P]arents have no rights under the IDEA if they do not have a disabled child seeking an education under that statute.").

      Plaintiffs contend that other courts have allowed parents in their situation to make a claim for attorneys' fees under IDEA, citing Murphy v. Girard School District, 134 F. Supp. 2d 431 (W.D. Pa. 1999) and T.D. v. LaGrange School District, 349 F.3d 469 (7th Cir. 2003).  These cases, however, are distinguishable from the present case.  The parents in the Murphy case were awarded fees when their daughter was adjudicated as having a learning disability, even though she was not found eligible for special education and related services.  Murphy, 134 F. Supp. 2d at 433.  In the T.D. case, the school district classified T.D. with a disability before a claim for attorneys' fees was made.  349 F.3d at 472-73.  Here, Z.S. was never adjudicated as having a disability that would qualify him for rights under the IDEA.

Plaintiffs also point to Dr. Conroy's independent evaluation of Z.S., which indicates that Z.S. has Attention Deficit Hyperactivity Disorder ("ADHD"). (Giles Cert., Ex. G.) According to Plaintiffs, the CST considered Dr. Conroy's report, but continued to find that Z.S. was ineligible for special education and related services. (Pls.' Br. in Support at 9.) The IDEA provides a procedure for parents to challenge a school district's classification of their child as disabled through a due process hearing before an ALJ. 20 U.S.C. § 1415(f); N.J. Admin. Code § 6A:14-2.7(a); Lascari v. Bd. of Educ., 560 A.2d 1180, 1183-84 (N.J. 1989). If they are aggrieved by the ALJ's decision, the parents may then appeal to this Court for review. 20 U.S.C. § 1415(i)(2). Although Plaintiffs amended their petition to challenge Defendant Neptune's eligibility determination, they ultimately withdrew this claim. Because Plaintiffs did not ultimately pursue the issue of Z.S.'s disability for resolution before the ALJ, this Court cannot now make a finding of disability.

Plaintiffs argue that their decision not to challenge Defendant Neptune's ineligibility determination was made to conserve legal and judicial resources after they achieved the relief they desired through the DOE's determination that Defendant Neptune was financially responsible for Z.S.'s placement at KidsPeace, and thus, should not be held against them  They contend that they should still be able to claim attorneys' fees based on their other successful claims before the ALJ. (Pls.' Reply Br. at 11.) However, the Court notes that its decision does not mean that Plaintiffs will never be able to seek attorneys' fees, but only that their claim is premature because the issue of whether Z.S. is disabled was never adjudicated by the ALJ. Therefore, the Court denies Plaintiffs' motion for attorneys' fees. Accordingly, it will not address whether Plaintiffs are prevailing parties, and will not calculate the amount of a

reasonable award of attorneys' fees.

IV.     Conclusion

For the foregoing reasons, and for good cause shown,

IT IS on this 19th day of September, 2006,

ORDERED that Plaintiffs' motion for attorneys' fees [6] is DENIED.

                                           s/ Anne E. Thompson
                                           ANNE E. THOMPSON, U.S.D.J.